CP-94-830                                                                1

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| IN RE: | QUERELLA |
| ANGEL L. MARRERO FIGARELLA | 98TSPR112 |

Número del Caso: CP-94-830

Abogados Parte Querellante:    LCDO. CARLOS LUGO FIOL
                               PROCURADOR GENERAL

                               LCDO. MIGUEL A. SANTANA BAGUR
                               PROCURADOR GENERAL AUXILIAR

Abogado Parte Querellada:    Por derecho propio

Fecha: 7/13/1998

Materia: CONDUCTA PROFESIONAL

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

   Angel L. Marrero Figarella          CP-94-830      Conducta
                                                       Profesional

PER CURIAM

San Juan, Puerto Rico, a 13 de julio de 1998

El 2 de septiembre de 1994, el Procurador General presentó una querella contra el abogado Angel L. Marrero Figarella, en cumplimiento de una Resolución nuestra a esos efectos. Le imputó los siguientes cargos:

PRIMER CARGO

El Lcdo. Angel L. Marrero Figarella incurrió en conducta profesional impropia, detrimental a los mejores intereses de su cliente, mientras se desempeñó como representante legal de la parte demandada en el caso María Ruiz Machín y otros v. Pedro Abich Chaban y otro, civil número CS-88-672, sobre incumplimiento de contrato y daños y perjuicios, en el Tribunal Superior, Sala de Caguas.

Durante el trámite del referido caso, el licenciado Marrero Figarella no compareció a un señalamiento de vista—

del cual había sido previamente notificado—pactado para el 5 de octubre de 1990, ni informó la razón para tal incomparecencia, lo que propició que el Tribunal condenara a la parte demandada a pagar solidariamente la cantidad de $1,000.00 a los demandantes por concepto de honorarios de abogado, más la cantidad de $560.00 a una co-demandante, como reembolso de los gastos incurridos por ésta para trasladarse a Puerto Rico y regresar a Florida.

El licenciado Marrero Figarella, además, omitió informar oportunamente a la parte contraria, como era su deber, la sustitución de un perito que se proponía presentar la parte demandada en apoyo de su causa y ello motivó, ante la objeción de la parte contraria, que el Tribunal no permitiera la presentación del nuevo perito.

Asimismo, el licenciado Marrero Figarella no consignó en el Tribunal la cantidad de $1,560.00 que le entregó su cliente, la parte demandada, para cumplir con la orden emitida por el Tribunal el día 5 de octubre de 1990, lo que acarreó, en última instancia, la imposición de una sanción aún más severa contra su cliente: la eliminación de las alegaciones, con el sólo derecho a contrainterrogar a los testigos de la parte demandante.

La conducta del licenciado Marrero Figarella, según antes expuesta, constituye un grave incumplimiento de su deber de diligencia y de protección a los intereses de su cliente, en violación del Canon 18 del Código de Etica Profesional, y una transgresión crasa al Canon 23 del mismo cuerpo legal, que exige una relación entre abogado y cliente fundada en la honradez absoluta.

SEGUNDO CARGO

El Lcdo. Angel L. Marrero Figarella incurrió en conducta altamente impropia, incompatible con el precepto contenido en el Canon 35 del Código de Etica Profesional, al informar durante la vista del 10 de enero de 1991, en el caso Civil Núm. CS-88-672 a que alude el cargo anterior que su cliente no había podido levantar el dinero ($1,560.00) para pagar la sanción impuesta y que él personalmente no se había percatado de su responsabilidad solidaria en el pago de dicha sanción. El licenciado Marrero Figarella formuló dicha alegación ante el Tribunal, aún cuando conocía que su cliente le había entregado el referido dinero con el propósito de que lo consignara en el Tribunal, y debiendo conocer, además, su responsabilidad solidaria respecto al mencionado pago, toda vez que dicha responsabilidad estaba claramente expuesta en la orden del Tribunal.

Al así actuar, el licenciado Marrero Figarella no sólo no fue sincero con su representado en lo concerniente al uso del dinero en cuestión, sino que también faltó a su deber de sinceridad para con el Tribunal (Canon 35), quebrantando, por demás el postulado ético que exige del abogado esforzarse al máximo de su capacidad en la exaltación del honor y dignidad de la profesión. Canon 38 del Código de Etica Profesional.

Presentada la querella, nombramos a un Comisionado Especial al cual le encomendamos oír y recibir la prueba, certificarla debidamente

y someter sus conclusiones de hechos. Después de conferencias con antelación a la vista, de haber celebrado vistas, de escuchar testimonios durante dos días y haber dirimido los testimonios encontrados, el Comisionado Especial sometió las siguientes conclusiones de hechos.

I

La querella de epígrafe surge a raíz del caso <u>María Ruíz Machin, et. al</u>. v. <u>Pedro Abich Chaban, et al</u>, Civil Núm. CS 88-672 ante el entonces Tribunal Superior, Sala de Caguas, sometido el 5 de abril de 1988. Se trataba de la acción reinvindicatoria de una finca objeto de un contrato incumplido de opción de compraventa y de los alegados daños y perjuicios consecuencia de dicho incumplimiento. Los demandados, el Sr. Pedro Abich Chaban y su corporación comparecieron representados por los Lcdos. Rafael S. Fuentes Rivera y Rafael Fuentes Fernández y presentaron contestación a la demanda, defensas especiales y una reconvención. El 28 de noviembre de 1988 dichos abogados presentaron su renuncia a la representación legal del Sr. Abich Chaban y de su corporación, la cual fue aceptada por el Tribunal. El licenciado Marrero Figarella asumió la misma mediante moción presentada el 4 de enero de 1989.

El 23 de enero de 1990 las partes presentaron conjuntamente el informe sobre conferencia preliminar entre abogados y ese mismo día se celebró la conferencia con antelación al juicio. Se señaló la vista en su fondo para el 14 de junio de 1990.

En el informe sobre conferencia preliminar el demandado, por conducto de su representante legal, el licenciado Marrero Figarella, anunció como perito al Agrimensor Arnaldo López. Poco después, el 12 de febrero de 1990, la parte demandante requirió tomar una deposición al Agrimensor Arnaldo López.

El 16 de mayo de 1990 el demandado Abich Chaban, por conducto de su abogado, el licenciado Marrero Figarella, solicitó la suspensión de la vista en su fondo por no haberse terminado aún el descubrimiento de

prueba entre las partes. El Tribunal accedió a la solicitud y reseñaló la vista en su fondo para el 5 de octubre de 1990.

El 13 de agosto de 1990 el Sr. Abich Chaban, representado esta vez por el Lcdo. José F. Cardona, presentó ante el Tribunal de Federal de Quiebras (en adelante Tribunal de Quiebras) un procedimiento al amparo de Capítulo XI del Código Federal de Quiebras. En esa misma fecha el Tribunal de Quiebras emitió una notificación de la petición y una orden de paralización automática de todo procedimiento judicial en contra del Sr. Abich Chaban. El 5 de septiembre de 1990 el licenciado Marrero Figarella le informó de ese hecho al entonces Tribunal Superior de Caguas. El 12 de septiembre de 1990 el tribunal decretó la paralización de los procedimientos en el caso <u>Ruiz Machín</u> v. <u>Abich Chaban</u>.

Debido a la paralización automática de los procedimientos el 13 de agosto de 1990, el licenciado Marrero Figarella no hizo gestión ulterior alguna y, por ende, no notificó al Tribunal ni a la parte demandante que el "Agrimensor Arnaldo López" no era tal agrimensor (de lo que recientemente el licenciado Marrero Figarella se había enterado) y que el testigo pericial que lo sustituiría sería el ingeniero civil José R. Costas.

Así las cosas, la representación legal de los demandantes se opuso a la paralización de los procedimientos y gestionó ante el Tribunal de Quiebras el que se relevara a su caso de la orden automática de paralización. El 2 de octubre de 1990 se celebró una vista ante dicho tribunal en la cual los demandantes y el Sr. Abich Pagán, representado por otro abogado y sin conocimiento del licenciado Marrero Figarella, estipularon que se dejara sin efecto la orden de paralización sobre el caso ante el Tribunal Superior de Caguas a los únicos efectos de la adjudicación de la reclamación. La orden del Tribunal de Quiebras limitó el levantamiento de la paralización hasta que se emitiera sentencia en el caso y dispuso que cualquier ejecución de sentencia debería hacerse por su conducto y a tenor con el acuerdo de reorganización del Sr. Abich Chaban.

El 3 de octubre de 1990, a las 2:00 p.m., el abogado de los demandantes notificaron al Tribunal Superior de Caguas del levantamiento por el Tribunal de Quiebras de la paralización de los procedimientos del caso. Ese mismo día, el Tribunal Superior de Caguas ordenó dejar en vigor el señalamiento de la vista en su fondo que se había dispuesto previamente para el 5 de octubre de 1990. Ordenó, además, que se notificase por correo y por teléfono. El 3 de octubre de 1990, a las 3:20 p.m., la Secretaría del tribunal notificó por teléfono a la secretaria del licenciado Marrero Figarella de la reinstalación de la vista en su fondo.

El 5 de octubre de 1990, día del súbito reseñalamiento de la vista en su fondo, el licenciado Marrero Figarella tenía señalada una lectura de acusación ante el entonces Tribunal Superior de Bayamón. Acudió a atender esa obligación profesional, lo que le tomó poco tiempo y luego partió de Bayamón hacia el Tribunal de Caguas. En el camino, el licenciado Marrero Figarella tuvo un accidente automovilístico, lo cual le impidió llegar al tribunal.

Ante la incomparecencia del licenciado Marrero Figarella y del demandado, el Sr. Abich Chaban, quien estaba fuera de Puerto Rico cuando se reinstaló el señalamiento, el Tribunal emitió una resolución y orden mediante la cual condenó al Sr. Abich Chaban y al licenciado Marrero Figarella a pagar solidariamente a los demandantes la suma de $1,000.00 por concepto de honorarios de abogado, más la cantidad de $560.00 a una codemandante como reembolso de los gastos incurridos por ella para venir a Puerto Rico y regresar a Florida. En dicha resolución y orden, dictada el 5 de octubre a las 3:25 p.m., se indicó que a pesar de que se hicieron llamadas telefónicas a la oficina del licenciado Marrero Figarella éste aún no se había comunicado con el tribunal. La resolución concedió 15 días para el pago de las sanciones y apercibió que de incumplirse con lo dispuesto se eliminarían las alegaciones y se desfilaría prueba en rebeldía el día de la vista, la cual fue

reseñalada para el 8 de noviembre de 1990. La resolución y orden escrita se notificó por correo el 10 de octubre de 1990.

El licenciado Marrero Figarella no justificó ni excusó su incomparecencia a la vista del 5 de octubre, ni en forma alguna le notificó al tribunal lo acontecido, sino hasta el 19 de octubre de 1990, cuando presentó una moción de reconsideración mediante la cual reaccionó a la minuta, resolución y orden del 5 de octubre. En dicha moción el licenciado Marrero Figarella notificó del accidente automovilístico que le impidió continuar la marcha hacia el tribunal y solicitó que se relevase "a los codemandados y a su abogado de récord, del pago de honorarios y costos de viaje que impone la resolución". El tribunal declaró sin lugar la moción de reconsideración.

Poco tiempo después de recibir la resolución y orden del 5 de octubre de 1990, el licenciado Marrero Figarella se reunió con el Sr. Abich Chaban y le informó su contenido, su importancia y del término concedido para pagar las sanciones. El Sr. Abich Chaban, bajo la jurisdicción del Tribunal de Quiebras como "debtor in possesion", le informó que haría las gestiones para pagar las sanciones y, a la vez, ganar tiempo con el propósito de transigir el caso y obtener $80,000 para comprar la finca objeto del litigio.

Dentro del término fijado por el tribunal para el pago de las sanciones, el Sr. Abich Chaban obtuvo un cheque por $1,560 y se lo entregó al licenciado Marrero Figarella. Se trataba de un cheque de Gerente del Oriental Federal Savings Bank y que fue gestionado por Diego Abich, hermano del Sr. Abich Chaban. El cheque fue emitido el 23 de octubre de 1990 a favor del Lcdo. Marrero Figarella por la suma de $1,560.00, idéntica suma a la sanción impuesta por el tribunal. El cheque fue endosado y cambiado por el licenciado Marrero Figarella en un garaje y depositado por el dueño de éste en el Banco Santander el 5 de noviembre de 1990.

El licenciado Marrero Figarella presentó una segunda moción de reconsideración el 5 de noviembre, la que fue declarada sin lugar. En

la notificación, el foro de instancia apercibió nuevamente de la importancia del cumplimiento con las sanciones impuestas y concedía cinco días para pagarlas. El tribunal reseñaló el caso para el 10 enero de 1991. Es importante precisar que al presentarse la segunda moción de reconsideración y al recibirse por el licenciado Marrero Figarella la resolución denegatoria y el nuevo término para el pago de sanciones, ya el Sr. Abich Chaban le había entregado el cheque por los $1,560.00.

El 5 de noviembre de 1990, el licenciado Marrero Figarella solicitó enmendar el informe de conferencia preliminar para anunciar al Ing. José R. Costas como perito. El Tribunal Superior declaró sin lugar la solicitud de inclusión del nuevo perito, a pesar de que el señalamiento para la vista en su fondo era para el 10 de enero de 1991.

El licenciado Marrero Figarella presentó una tercera moción de reconsideración el 21 de noviembre de 1990, en la que solicitó nuevamente que se eliminara o se redujese la imposición de $1,000.00 por concepto de honorarios de abogado y para que se permitiese incluir al ingeniero Costas como perito. No formuló petición alguna en cuanto a los $560.00 por concepto de gastos. El tribunal la declaró sin lugar el 27 de noviembre.

El licenciado Marrero Figarella aduce que el Sr. Abich Chaban inicialmente le entregó el cheque por $1,560.00 para pagar las sanciones, pero, poco tiempo después, estuvo en su oficina para hablar de otros casos y el licenciado Marrero Figarella le recordó la deuda que tenía con él por servicios profesionales. De hecho, al presentarse la petición de quiebra el 13 de agosto de 1990, el Sr. Abich Chaban reconoció que adeudaba $20,000 al licenciado Marrero Figarella, suma que al momento de las vistas ante el Comisionado Especial el querellado estimaba en $30,000. El licenciado Marrero Figarella alega que el Sr. Abich Chaban le indicó que tomara los $1,560.00 como abono a la deuda y además le hizo y le entregó un cheque personal por $1,440.00 para completar la suma de $3,000.00 en pago de honorarios de abogado.

Señala, además, que el Sr. Abich Pagán le dijo que posteriormente le haría llegar otro cheque por el monto de las sanciones.[1]

El 10 de diciembre de 1990, el licenciado Marrero Figarella solicitó al foro de instancia que ordenara a los demandantes no residentes en el caso de autos la prestación de una fianza al amparo de la Regla 69.5 de Procedimiento Civil. El 14 de diciembre el tribunal fijó fianza de $1,000 y ordenó la paralización de los procedimientos. Las partes demandantes de inmediato acataron la orden y prestaron la fianza el 17 de diciembre. El tribunal la aprobó y dispuso que continuaran los procedimientos en la vista del 10 de enero de 1991. El 4 de enero de 1991, el licenciado Marrero Figarella, en representación del Sr. Abich Chaban, solicitó del tribunal que ordenase a cada uno de los demandantes contestar por separado un pliego de interrogatorios y los condenase "al pago de gastos y honorarios de abogados incurridos por su negativa a descubrir lo solicitado..." El tribunal declaró sin lugar esa moción.

El día de la vista, el 10 de enero de 1991, comparecieron los demandantes y su abogado. El licenciado Marrero Figarella compareció en representación del Sr. Abich Chaban; éste, sin embargo, como era su costumbre, no compareció.

A continuación la transcripcion fiel y exacta preparada por la taquígrafa de récord del incidente relacionado con las sanciones impuestas al Sr. Abich Chaban y al licenciado Marrero Figarella, las cuales no fueron satisfechas:

HON. JUEZ:

---

[1]   En su informe, el Comisionado Especial indicó que luego de examinar con cuidado, detenimiento y ánimo positivo esta alegación del licenciado Marrero Figarella, no la podía aceptar por varias razones.   En primer lugar, sabiendo el licenciado Marrero Figarella lo apremiante que era el pago de las sanciones y habiendo el Sr. Abich Chaban obtenido y entregado el dinero dentro del término, ambos sabían o debieron haber sabido que el pago de la sanción dentro del  término era esencial. En segundo lugar, no hay recibo, ni cheque, ni hoja de deposito, ni constancia alguna respecto al alegado cheque personal por $1,440.00 supuestamente emitido por Abich Chaban. En tercer lugar, si Abich Chaban tuvo que gestionar el cheque de $1,560 para sanciones a través de su hermano Diego por estar el Sr. Abich Chaban restringido por las limitaciones del Tribunal de Quiebras, no tiene sentido que, estando aún intervenido por dicho Tribunal, el Sr. Abich Chaban le hiciera un cheque personal por $1,440 al licenciado Marrero Figarella. Por último, el licenciado Marrero Figarella aceptó que no hizo gestiones directas algunas con el Sr. Abich Chaban con posterioridad a la entrega a finales del mes de octubre del cheque por $1,560 para que le entregase el otro cheque.

Bien. Aquí hay una Resolución y una Orden del 5 de octubre de este año que pasó, del 1990. En esa Resolución y Orden se disponía para el pago de unas sanciones de $1,000 solidariamente al abogado de la parte demandada y de $560, en adición, solidariamente a los demandados y a la demandante. No obra en autos que se haya cumplido con esa Resolución y Orden a los fines de haber pagado esas sanciones. ¿Cuál es la posición de la parte demandada a los efectos?

LCDO. MARRERO FIGARELLA:

Su Señoría, nosotros le informamos a nuestro representado y él no ha podido levantar la cantidad de dinero para pagar la sanción.

HON. JUEZ:

¿Ni el colega tampoco?

LCDO. MARRERO FIGARELLA:

Nosotros, en realidad,... no nos percatamos de que era solidaria la sanción. Esto...

HON. JUEZ:

O sea, al día de hoy no se ha pagado la cantidad de $1,000 más quinientos sesenta por los gastos incurridos por doña Julia Rita Arroyo de Ruiz, los $1,000 a la demandante. Bien, el colega sí se había percatado de que incumplir con ese pago se iba a anotarle la rebeldía y se le iban a eliminar las alegaciones a la parte que usted representa. ¿Eso sí se había percatado?

LCDO. MARRERO FIGARELLA:

Eso es así, Su Señoría.

HON. JUEZ:

Bien, pues, ya esta Resolución y Orden es final y firme. El último párrafo dice: De cumplir la demandada con lo ordenado, se procederá a la vista en su fondo el 8 de noviembre del ´90- que después se pospuso para hoy-como es que ha ocurrido-se le eliminarán las alegaciones y se desfilará la prueba en rebeldía el 8 de noviembre de 1990. A esos ¿la parte demandante está preparada?

LCDO. ALVARADO TIZOL:

Estamos preparados, Su señoría.

HON. JUEZ:

Queremos recordarle al colega que, estando en rebeldía y eliminándose las alegaciones, pues, el único derecho que le asiste a su representado es contrainterrogar a la prueba que desfile, testifical, la parte demandante.

Adelante...

LCDO. MARRERO FIGARELLA:

Así entendemos.

HON. JUEZ:

...con su prueba. Vamos a tomarle el juramento a los testigos y a las partes, por favor. ¿Hoy no vino nadie de sus representados?

LCDO. MARRERO FIGARELLA:

Su Señoría, nosotros, en vista de la resolución que usted tomó, nosotros no habíamos informado lo siguiente: Nosotros, en el día de ayer, no hablamos con don Pedro Abich, pero sí él estuvo en nuestras oficinas y nos comunicamos con él por teléfono desde el Tribunal en donde estábamos. Nos dejó un certificado en donde se indica que su esposa tiene una condición en el corazón, seria, y que tiene que salir, nos indicó él, para Estados Unidos con ella. Esto...habíamos preparado una moción para hacerla llegar al Tribunal en el día de hoy...

HON. JUEZ:

Bueno, como quiera que sea, él está representado. Asumimos que el colega le ha notificado la Resolución y Orden a los efectos que tenía que pagar unas sanciones y no se ha hecho. Va a estar representado por el colega y el derecho que le asiste es a estar contrainterrogado por el colega. Así es que, sencillamente, si es que está enfermo..., pero sí podemos tomar conocimiento judicial de los múltiples casos que tenemos que este señor es demandado y que nunca ha comparecido a una vista de este Tribunal. Sí, han comparecido otros miembros de la corporación, pero este señor nunca ha comparecido, y el colega lo sabe porque el colega es abogado de una gran parte de esos casos. Esa es la realidad. Y la vez pasada, cuando se emitió esta Resolución y Orden, nos habían dicho de que estaban listos y él no estaba en Puerto Rico, según nos dijo el Ing. Costas, aquí, bajo juramento, en Sala, o sea, que no estaba aquí tampoco. O sea, que ni en aquella ocasión ni en esta ocasión está presente, pero está representado por el colega. Hay una Resolución y Orden que, repetimos, es final y firme al día de hoy, estamos casi tres meses más tarde de esa Resolución y Orden, aunque también se le había dado cinco días que, para noviembre 20, ya es final y firme también, para que pagaran esas sanciones; no se ha hecho. Adelante con la prueba la parte demandante. Vamos a tomarle el juramento a las partes por favor.

Según surge de lo anterior, como consecuencia de no haberse satisfecho las sanciones impuestas en forma solidaria al señor Abich Chaban y a su abogado, el licenciado Marrero Figarella, el tribunal eliminó las alegaciones de la parte demandada, anotó su rebeldía, escuchó la prueba de la parte

demandante y, eventualmente, dictó sentencia en rebeldía mediante la cual declaró con lugar la demanda y ordenó al Sr. Abich Chaban y a su corporación pagar a los demandantes diferentes sumas de dinero que ascendían a $132,400, más los $1,560 de las sanciones impuestas y no satisfechas, $5,000 por concepto de honorarios de abogado e intereses legales  al once (11) por ciento anual sobre el total de la sentencia, a partir de la presentación de la demanda.

El licenciado Marrero Figarella formuló dos solicitudes de determinaciones de hechos adicionales y una moción de reconsideración, las cuales se declararon sin lugar. El licenciado Marrero Figarella informó a tiempo al Sr. Abich Chaban del resultado adverso del litigio, pero no le informó de la eliminación de las alegaciones ni de la vista en rebeldía. Al principio, el Sr. Abich Chaban consideró que Marrero Figarella presentara un recurso de revisión ante nosotros, pero posteriormente cambió de parecer  y acudió a los licenciados Fuentes Rivera y Fuentes Fernández para dicho propósito.  El licenciado Marrero Figarella le entregó el expediente al Sr. Abich Chaban para que fuera estudiado por los licenciados Fuentes. Al analizar el expediente, el Sr. Abich Chaban se percató de que la sentencia se había dictado en rebeldía y de que se habían eliminado sus alegaciones porque no satisfizo las sanciones impuestas solidariamente a él y a su abogado para cuyo pago él había, a requerimiento del licenciado Marrero Figarella, entregado un cheque por la suma exacta de la sanción. El 7 de agosto de 1991, el Sr. Abich Chaban, ahora representado por el licenciado Fuentes Fernández, formuló una moción de relevo de sentencia que fue declarada sin lugar.

Como consecuencia de las alegaciones formuladas por el Sr. Abich Chaban  en la moción de relevo de sentencia presentada ante el Tribunal Superior y en los documentos presentados ante el Tribunal Supremo, referimos el asunto a la Oficina del Procurador General para la investigación e informe correspondiente, lo cual dio inicio a este procedimiento.

El Comisionado Especial determinó que un apresurado señalamiento por el Tribunal Superior, reseñalando con inusitada celeridad y brevedad un caso que estaba paralizado por orden del Tribunal de Quiebras y por sentencia del propio foro de instancia, quizás impidió la adecuada preparación del licenciado Marrero Figarella para la vista del caso en su fondo, señalada para el 5 de octubre de 1990. El Comisionado Especial determinó, además, que el accidente automovilístico que el licenciado Marrero Figarella sufrió mientras se dirigía al Tribunal Superior de Caguas explica y justifica su incomparecencia a la vista. Lo que no quedó explicado ni justificado al Comisionado Especial es por qué el licenciado Marrero Figarella no lo comunicó inmediatamente o a la primera razonable oportunidad al Tribunal y sólo lo hizo catorce días más tarde y no a iniciativa propia, sino en reacción a la resolución y orden del tribunal que le impuso a él y al Sr. Abich Chaban una sanción económica por la incomparecencia de ambos a la vista.

El Comisionado Especial determinó que la referida resolución y orden de 5 de octubre de 1990, la cual imponía el pago de las sanciones de forma solidaria y apercibía de las consecuencias drásticas en caso de incumplimiento, fue clara, precisa y fácilmente entendible. Determinó, además, que en cumplimiento de la orden, el Sr. Abich Chaban entregó a finales de octubre de 1990 la suma de $1,560 al licenciado Marrero Figarella, por lo que éste, desde entonces, tenía en su poder suficiente dinero para saldar ya a su nombre o a nombre del Sr. Abich Chaban, las sanciones económicas impuestas solidariamente por el tribunal. Por otro lado, el Comisionado Especial concluyó que luego del recibo de los $1,560 el licenciado Figarella continuó solicitando que se les relevara a su cliente y a él de las sanciones, o que se redujeran las mismas y que al denegar sus solicitudes, el tribunal continuaba apercibiéndole del deber de satisfacer las sanciones y de las consecuencias de no cumplir con lo ordenado. Fue, precisamente, el incumplimiento con el pago de las sanciones lo que ocasionó la

eliminación de las alegaciones del Sr. Abich Chaban, incluso la reconvención, la anotación de rebeldía y la presentación y aceptación sólo de la prueba de la parte demandante.

El 12 de marzo de 1996 se le concedió término al licenciado Marrero Figarella para que presentara ante este Tribunal sus observaciones y su reacción al Informe del Comisionado Especial. El querellado compareció mediante moción en la cual objetó ocho (8) de las determinaciones de hechos del Comisionado Especial con el argumento de que éstas no hallan sustento en la prueba desfilada y solicitó de este Tribunal que ordenara una transcripción de la prueba presentada ante el Comisionado Especial, lo cual, según el querellado, "podrá permitirle a este Honorable Tribunal confirmar las objeciones aquí presentadas a base de un error manifiesto en la apreciación de la prueba por el Comisionado Especial". Tras una serie de mociones de prórroga, el 20 de febrero de 1997 le dimos permiso al querellado para sustituir la exposición narrativa de la prueba por la transcripción correcta de los procedimientos ante el Comisionado Especial. Estando en posición de resolver, procedemos a hacerlo.

## II

Tras realizar un examen minucioso de todo el expediente de este caso y de la transcripción correcta de los procedimientos ante el Comisionado Especial, concluimos que no existe indicio alguno de error, perjuicio o parcialidad por parte del Comisionado Especial al hacer sus determinaciones de hechos y que éstas estaban ampliamente sustentadas por la prueba. Por lo tanto, no hemos de intervenir aquí con su apreciación de la prueba desfilada, pues reiteradamente hemos decidido que el juzgador de instancia, que en este caso lo fue el Comisionado Especial, es quien está en mejor posición para aquilatar la prueba testifical y sus determinaciones de hecho merecen deferencia en ausencia de error, perjuicio o parcialidad manifiesta. In re: Morales Soto, P.C. de 21 de enero de 1994, 134 D.P.R.__(1994), 94 J.T.S. 7,

pág. 11469; Riley v. Rodríguez, 119 D.P.R. 762, 797 (1987); Rivera v. Cruz, 118 D.P.R. 8, 14 (1987).

El Canon 18 de Etica Profesional, 4 L.P.R.A. Ap. IX C. 18, establece que: "[e]s deber del abogado defender los intereses del cliente diligentemente desplegando en cada caso su más profundo saber y habilidad y actuando de aquella forma que la profesión jurídica en general estima adecuada y responsable..." Hemos expresado además que "[e]llos [los abogados] vienen obligados a hacer todas las gestiones necesarias para cumplir con los señalamientos, evitar dilaciones indebidas en los trámites y solución de casos y desplegar su habilidad y capacidad en forma responsable para beneficio de su cliente como del tribunal". In re: Díaz Alonso, Jr., 115 D.P.R. 755,762 (19). En el caso ante nos, el licenciado Marrero Figarella violó el Canon 18 al no comparecer en representación del Sr. Abich Chaban a la vista del 5 de octubre de 1990 sin haber justificado su ausencia ante el foro de instancia, lo cual tuvo como consecuencia que el tribunal le impusiera solidariamente a él y a su cliente una sanción de $1,560.00. También incumplió con el Canon 18 al no haber pagado dicha sanción, a pesar de que el Sr. Abich Chaban le entregó un cheque por la cantidad exacta de ésta con el propósito de que fuese pagada y a pesar de que de la resolución en la cual se impuso dicha sanción surgía claramente que la obligación de pagarla era solidaria entre el licenciado Marrero Figarella y el Sr. Abich Chaban.

La conducta profesional del licenciado Marrero Figarella, al dejar de consignar en el tribunal el dinero entregado por su cliente y disponer del mismo en forma indebida, constituye, además, un incumplimiento grave con el Canon 23 de Etica Profesional, supra, según el cual "[l]a naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero y otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen."

Irrespectivamente de cuánto le debía el Sr. Abich Chaban por concepto de honorarios de abogado, el licenciado Marrero Figarella venía obligado a pagar la sanción impuesta por el tribunal, máxime cuando, al enterarse de ello, el Sr. Abich Chaban le entregó un cheque por la cantidad exacta de la misma. Reiteramos que cobrar indebidamente honorarios de abogado, retener en forma no autorizada sumas de dinero pertenecientes al cliente o disponer de ellas impropiamente, constituye conducta gravemente impermisible de un abogado. In re: Fernández Paoli, Op. de 6 de julio de 1996, 141 D.P.R. ___ (1996), 96 J.T.S. 87; In re Morales Soto, *supra*, pág. 11470; In re: Vázquez O´Neill, 121 D.P.R. 623, 627 (1988); In re: Rivera Carmona, 114 D.P.R. 390, 393 (1983).

Finalmente, el licenciado Marrero Figarella incurrió, además, en conducta incompatible con el Canon 35 de Etica Profesional, supra, el cual establece que:

> La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.
>
> No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho.

El querellado, licenciado Marrero Figarella, no tan solo no fue sincero con su cliente en lo concerniente al uso del dinero en cuestión, sino que también faltó a su deber de sinceridad para con el tribunal, cuando le informó al foro de instancia que su cliente no había podido levantar el dinero para el pago de las sanciones impuestas y que él personalmente no se había percatado de su responsabilidad solidaria en el pago de éstas.

En conclusión, el cúmulo de actuaciones lesivas a los mejores intereses de la justicia que formaron parte del patrón de conducta seguido por el licenciado Marrero Figarella en este caso, constituye una clara y grave violación a los Cánones 18, 23 y 35 de Etica Profesional, supra.

Por todo lo antes expuesto y tomando en consideración la totalidad de las circunstancias en este caso, se dictará sentencia mediante la cual se suspenderá un año de la práctica de la profesión de abogado y notario y hasta que otra cosa disponga este Tribunal, al Lcdo. Angel L. Marrero Figarella. Se ordena, además, a la Oficina del Alguacil General que proceda inmediatamente a incautarse de los protocolos y registros de afidavits del licenciado Marrero Figarella.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

    Angel L. Marrero Figarella

                    CP-94-830

SENTENCIA

San Juan, Puerto Rico, a 13 de julio de 1998

      Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se dicta sentencia suspendiendo por un año al Lcdo. Angel L. Marero Figarella de la práctica de la profesión de abogado y notario y hasta que otra cosa disponga este Tribunal.

      El Alguacil de este Tribunal se incautará inmediatamente de su obra notarial para el trámite de rigor correspondiente por la Directora de Inspección de Notarías. Además, se ordena al Alguacil de este Tribunal que notifique personalmente al Lcdo. Angel L. Marrero Figarella de lo aquí determinado.

      Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

                    Isabel Llompart Zeno
             Secretaria del Tribunal Supremo