*In re* MANUEL GARCÍA MARRERO.

*Número:* CE-85-728          *Resuelto:* 13 de enero de 1988

*Eliadís Orsini Zayas, Procuradora General Auxiliar*, abogada de El Pueblo; *Alcides Oquendo*, abogado del querellado; *Víctor M. Ramírez Morell*, Comisionado Especial.

I

PER CURIAM: El Procurador General formuló querella contra el abogado Manuel García Marrero. Le imputó que desatendió una encomienda profesional dimanante de "su relación abogado-cliente con el Sr. Arcadio Afanador, quien le pagó la suma de $2,000 por concepto de honorarios para que prestara sus servicios en beneficio de la persona de Josué Afanador Irizarry —hijo del Sr. Afanador— este último a quien debía representar el abogado querellado en el acto de lectura de sentencia y en las gestiones propias de dicho incidente judicial para aminorar la pena a imponérsele en el caso *U.S.A.* v. *Josué Afanador Irizarry*, Crim. Núm. 82-83 ante la Corte de Distrito Federal para el Distrito Federal de Puerto Rico".

El licenciado García Marrero negó haber incurrido en conducta antiética. Designamos Comisionado Especial al Hon. Víctor M. Ramírez Morell. Oportunamente éste rindió su informe.

En síntesis, —con apoyo en la prueba testifical y documental— el informe nos brinda el siguiente trasfondo fáctico. A principios de 1982, Josué Afanador Irizarry fue acusado y convicto del delito grave en la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico. Lo representó el Lic. Francisco Dolz Sánchez.

Luego de esta convicción de Josué, su padre Arcadio Afanador Afanador solicitó del Lic. Tomás Torres Cortés, con oficinas en Utuado, que gestionara la concesión de la libertad a prueba para su hijo. Torres Cortés le informó que no estaba autorizado a postular en la Corte federal, pero que tenía varios amigos abogados en San Juan que podrían ayudarle. Entre los nombres sugeridos, Afanador Afanador seleccionó al Lic. Manuel García Marrero.

Como resultado, se concertó una cita en las oficinas del licenciado García Marrero. A fines de marzo de 1982, Afanador Afanador lo visitó acompañado de otro de sus hijos nombrado Bladimir Afanador Irizarry, y del licenciado Torres Cortés. Allí le informó al licenciado García Marrero que interesaba sus servicios para la concesión a Josué de sentencia en probatoria, y en caso de no tener éxito, preparar una apelación. García Marrero accedió. Sin embargo, no le aseguró a Afanador Afanador éxito en sus gestiones. Le explicó las dificultades que ello conllevaba y las pocas probabilidades de éxito debido a la gravedad del delito cometido. Enfatizó la importancia del informe presentencia. Por estos servicios convinieron $4,000 en concepto de honorarios de abogado, de los cuales Afanador Afanador adelantó $2,000 y, además, se comprometió a satisfacer el balance si García Marrero tenía éxito. De no ser así, se procedería con la apelación y, en tal

eventualidad, convendrían posteriormente los honorarios. De la suma recibida, el licenciado García Marrero entregó $1,000 al licenciado Torres Cortés como compensación por haberle referido el caso.

La prueba revela que el licenciado García Marrero realizó gestiones tendentes a lograr la probatoria. Llamó y se comunicó en varias ocasiones con el fiscal federal José A. Quiles Espinosa, y además sostuvo conversaciones con algunos funcionarios de la Corte federal. Como resultado, el licenciado García Marrero trató infructuosamente de comunicarse con Afanador Afanador y explicarle que el fiscal Quiles se oponía. Al no lograrlo, llamó por teléfono al licenciado Torres García a Utuado para que éste le transmitiera su mensaje.

La lectura de sentencia de Josué fue el 23 de abril de 1982. El día anterior Bladimir Afanador Irizarry había llamado por teléfono al licenciado García Marrero informándole que pasaría por su oficina al día siguiente acompañado del licenciado Torres Cortés. Ese día —23 de abril— llegaron de Utuado Bladimir Afanador Irizarry y el licenciado Torres Cortés como a las 8:15 A.M. Al arribar a la oficina, Bladimir le pidió a los licenciados Torres Cortés y García Marrero que no asistieran a la vista. Los llamaría de ser necesario.

Durante la lectura de sentencia Josué fue representado por el licenciado Dolz Sánchez y el Ministerio Público estuvo a cargo del fiscal Quiles. La sentencia fue de cinco (5) años de reclusión.

El 4 de mayo de 1982 Afanador Afanador se quejó ante el Procurador General. Alegó que el licenciado García Marrero no había cumplido con su obligación. La queja la presentó otro de sus hijos, Nelson Afanador Irizarry. No se comunicaron antes con dicho abogado ni gestionaron la devolución de los $2,000 pagados en concepto de honorarios. El 8 de mayo

Afanador Afanador autorizó a su hijo Nelson, mediante nota a manuscrito, a recuperar del licenciado García Marrero dicho dinero. Aun así, no lo requirió.

Por su parte el licenciado García Marrero, en vista de que no logró la libertad a prueba de Josué, no requirió ni recibió dinero adicional.

El 15 de julio se celebró otra vista en la Corte federal. Esta vez, Josué estuvo representado por el Lic. David Román. Al licenciado García Marrero no se le requirió que compareciera.

Transcurrió el tiempo. Entonces, el 18 de febrero de *1986* —aproximadamente cuatro años después de la lectura de sentencia de Josué— el licenciado García Marrero recibió una llamada telefónica desde Utuado del licenciado Torres Cortés. Éste le informó que el Sr. Bladimir Afanador Irizarry *le visitaría al día siguiente.* García Marrero se comunicó inmediatamente con la Oficina del Procurador General de Puerto Rico y habló con la entonces Sub Procuradora General Interina, Lic. Reina Colón Rodríguez, informándole sobre la anunciada visita del señor Afanador. Solicitó que algún funcionario de la Oficina del Procurador General estuviese presente. La licenciada Colón Rodríguez le indicó que la Lic. Eliadís Orsini Zayas —funcionaria a cargo de la queja— estaba fuera de San Juan en asuntos oficiales. García Marrero entonces llamó al fiscal federal y solicitó la presencia de un agente que grabara las conversaciones que se realizarían durante la visita. Esta gestión resultó también negativa. Visitó, además, la Oficina del Fiscal de Distrito de San Juan. Tampoco tuvo éxito.

Ante esta situación, García Marrero contrató los servicios del Notario Público *Juan G. Cassasnovas Luiggi* para levantar un acta sobre la visita. En la mañana del 19 de febrero llegaron a su oficina el licenciado Cassasnovas y luego Bladimir. Durante la visita, éste le ofreció al licenciado García Marrero retirar la querella presentada en su contra a

cambio de que pagara $10,000. Luego de Bladimir abandonar la oficina, el licenciado García Marrero comunicó telefónicamente a la licenciada Orsini Zayas la oferta. El licenciado Cassasnovas preparó un acta.

El 21 de febrero, Bladimir volvió. Lo acompañaba un señor de apellido Albarrán. Durante esta visita, por gestiones del licenciado García Marrero, estuvo presente el Fiscal General Especial Félix D. Torres Rosario. Bladimir le presentó al licenciado García Marrero diez (10) copias de un documento en papel legal y en forma de una moción, en la que expresaba que se retiraría la querella. Aparecía firmada por Arcadio Afanador Afanador y fechada 20 de febrero. Le pidió que le entregara $10,000. García Marrero advirtió a Bladimir que su oferta constituía delito y entregó la moción al fiscal Torres Rosario. Ambos identificaron el documento con sus iniciales y fecha. Bladimir se retiró de la oficina con su acompañante.

El 25 de febrero Bladimir visitó la Oficina del Procurador General. Informó la alegada razón sobre sus visitas al licenciado García Marrero y presentó quejas contra éste y contra el licenciado Torres Cortés.

II

En las circunstancias de autos, la prueba antes reseñada no sostiene el cargo de que el abogado García Marrero faltó a su deber de representar a Josué Afanador Irizarry "en el acto de lectura de sentencia y en las gestiones propias de dicho incidente judicial para aminorar la pena a imponérsele". Tampoco revela actuación o comportamiento contrario al Código de Ética Profesional susceptible de ser sancionado en la órbita de nuestra jurisdicción disciplinaria. Más bien surge la inconformidad del señor Afanador Afanador con sus gestiones y la errónea creencia de que García Marrero venía

obligado a indemnizarlo por no haber logrado exitosamente que su hijo Josué no fuera puesto en probatoria. No podemos sancionar su proceder.

*Se dictará sentencia que exonere totalmente al Lic. Manuel García Marrero.*

El Juez Asociado Señor Ortiz no intervino.