# 2003 DTA 107

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAROLINA-FAJARDO

ERNESTO DIAZ RUIZ, ETC.
Recurridos

v.

MARK HALPERN, ETC.
Peticionarios

Núm. KLAN-03-00592

San Juan, Puerto Rico, a 19 de junio de 2003

Panel integrado por su Presidente, el Juez Miranda De Hostos,
la Juez Hernández Torres y el Juez Martínez Torres

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte apelante Mark Halpern, *et als.*, acude de una sentencia del Tribunal de Primera Instancia, Sala Superior de Fajardo, que denegó su solicitud para que se le levantara la rebeldía y declaró con lugar la demanda sobre incumplimiento de contrato que presentara la parte apelada Ernesto Díaz Ruiz, *et als.*

Alega, en síntesis, que erró el tribunal de instancia al no levantarle la anotación de rebeldía y dictar sentencia, cuando mediaban causas justificadas en derecho.

Con el beneficio de los alegatos de ambas partes, se revoca la sentencia apelada. Veamos los fundamentos.

### I

El 18 de julio de 2000, la parte apelada Díaz Ruiz, presentó demanda sobre incumplimiento de contrato, falsas representaciones y otros extremos, en contra de la parte apelante Mark Halpern, su esposa Marcel Halpern y la sociedad de bienes gananciales por éstos compuesta. Alegó que habían acordado verbalmente la compraventa de una propiedad de la parte apelante localizada en la barriada Los Bravos de Boston en el Municipio de Vieques, por la cantidad de $185,000.00 y que la parte apelante se negaba a venderle según acordado. (Ap., págs. 106-108.) El 31 de julio de 2000, la demanda fue enmendada para incluir la dirección de la parte apelante, la cual se indicó era 57 St., 100 West, New York City, New York 10019-3302. (Ap., págs. 98 y 102-105.)

Debido a que la parte apelante era residente de New York, la parte apelada solicitó que se permitiera realizar el emplazamiento por edictos. (Ap., págs. 81-82 y 96-101.) El tribunal de instancia ordenó que se emplazara a la parte apelante por edicto y se le enviara en diez (10) días posteriores a la publicación del edicto, por correo certificado a su última dirección conocida, copia de la demanda y el emplazamiento (Ap., págs. 83-85 y 96-101.) El 6 de febrero de 2001, la parte apelada presentó moción con declaración jurada de un empleado del periódico El Nuevo Día, acreditando la publicación del edicto y se presentó copia del mismo con fecha de 3 de enero de 2001. Además, presentó acuse de recibo del envío de copia de la demanda y emplazamiento a la última dirección conocida de la parte apelante 57 St., 100 West, New York City, New York 10019-3302. (Ap., págs. 92-95.) Posteriormente, según le fuera ordenado por el tribunal de instancia, la parte apelada presentó dos (2) declaraciones juradas, una referente al envió por correo certificado y la otra sobre la última dirección conocida de la parte apelante. (Ap., págs. 86-91.)

La parte apelada Díaz Ruiz, presentó una moción en cumplimiento de orden el 26 de marzo de 2001, en la cual aclaró que el emplazamiento por edicto y el envío por correo certificado, realizados el 3 y 9 de enero de 2001, respectivamente, incluian la demanda según fue enmendada. Además, solicitó al tribunal de instancia que le anotara la rebeldía a la parte apelante, pues había transcurrido el plazo para que presentara alegación responsiva sin que ésta hubiera comparecido al pleito. (Ap., págs. 81-82.)

El 28 de marzo de 2001, el tribunal de instancia emitió orden anotándole la rebeldía a la parte apelante, pero la misma no le fue notificada. (Ap., pág. 78.) En esa misma fecha, el tribunal de instancia emitió una notificación enmendada, la cual fue enviada a la parte apelante Marcel Halpern a la dirección 57 St., 100 West, New York City, New York 10019-3302. (Ap., pág. 79.)

La parte apelada presentó una moción solicitando al tribunal de instancia que aclarara la orden sobre anotación de rebeldía a los efectos de que la misma incluia al señor Mark Halpern, su esposa Marcel Halpern y la sociedad de bienes gananciales por éstos compuesta. (Ap., pág. 77.) **El tribunal de instancia declaró con lugar la solicitud de la parte apelada y emitió orden de anotación de rebeldía a la parte apelante Mark Halpern, su esposa Marcel Halpern y la sociedad de bienes gananciales por éstos compuesta. Sin embargo, tampoco**

**le notificó a la parte apelante dicha orden ni por correo, ni por edicto.** (Ap., pág. 76.)

**El 21 de junio de 2001, la parte apelada solicitó la celebración de una vista en rebeldía y el tribunal de instancia señaló la misma para el 26 de octubre de 2001. El señalamiento de vista tampoco le fue notificado a la parte apelante.** (Ap., págs. 73 y 75.) Luego de varias suspensiones, la vista en rebeldía se celebró el 16 de julio de 2002. (Ap., págs. 72 y 74.)

La parte apelante compareció por primera vez al pleito el 13 de agosto de 2002, mediante moción solicitando detener procedimientos, dejar sin efecto rebeldía y permitir a codemandados contestar la demanda. Alegaron que no habían tenido conocimiento del pleito en su contra hasta que un amigo residente de Vieques les informó sobre la celebración de la vista en rebeldía. Además, argumentaron que tenían defensas válidas que presentar y solicitaron al tribunal de instancia tiempo para presentar un memorando de derecho en apoyo a sus alegaciones. (Ap., págs. 69-71.) Para esa fecha, el tribunal de instancia aún no había emitido su sentencia, pues la misma se dictó el 13 de marzo de 2003, notificada el 4 de abril de 2003. (Ap. págs. 1-5.)

El tribunal de instancia ordenó a la parte apelada que presentara su posición en cuanto a la solicitud de la parte apelante y ésta presentó su oposición el 9 de agosto de 2002. (Ap., págs. 60-68.) El 1 de octubre de 2002 notificada el 30 de octubre, el tribunal de instancia declaró no ha lugar la solicitud de la parte apelante para que se levantara la rebeldía. (Ap., págs. 58-59.)

La parte apelante presentó moción de reconsideración el 30 de octubre de 2002, expresando nuevamente que la moción solicitando paralización de los procedimientos y que se levantara la rebeldía, fue presentada como un documento preliminar para informarle prontamente al tribunal sobre las circunstancias antes de que emitiera sentencia en rebeldía. Según había informado en la moción, presentaría posteriormente un escrito complementario y que para ello se había solicitado una extensión de término, sobre la cual el tribunal de instancia no realizó determinación alguna. (Ap., págs. 37-57.)

Alegó, en síntesis, en dicha moción fundamentada que: 1) la propiedad en controversia le pertenece privativamente a la señora Marcelle Halpern; 2) no tuvo conocimiento del pleito hasta después de celebrada la vista, pues un amigo residente de Vieques, el señor Ray McNamara, se lo informó; 3) no recibió copia de la demanda ni del emplazamiento por edicto y desconoce quién firmó por la carta recibida, si alguien; 4) el abogado de la parte apelada conocía quién era el abogado de la parte apelante en Puerto Rico, pues había tenido unas conversaciones previamente al pleito con éste sobre la presente controversia, y no le notificó de la presentación de la demanda; 5) lo que se está vendiendo realmente son las dos (2) estructuras, pues no existe titularidad sobre los terrenos; 6) el valor real de la propiedad es superior a $185,000.00; 7) el alegado consentimiento dado por el señor Mark Halpern no es válido, pues éste está senil y la propiedad es privativa de su esposa; y 8) el testimonio del señor presentado por la parte apelada en la vista sobre que escuchó una conversación telefónica por "*speaker phone*", viola el derecho a la intimidad y no es admisible en evidencia. (Ap., págs. 37-57.)

La parte apelante anejó a su moción de reconsideración: 1) la declaración jurada del señor Raymond M. McNamara en la cual expresa cómo tuvo conocimiento del pleito luego de celebrada la vista y cuándo se lo informó a la parte apelante; 2) dos (2) cartas enviadas por la representación legal de la parte apelante en Puerto Rico, a la representación legal de la parte apelada, en relación a la presente controversia, previo a la presentación de la demanda; y 3) copia de la escritura de compraventa mediante la cual la señora Marcelle Halpern adquirió la propiedad. (Ap., págs. 43-57.)

El 20 de noviembre de 2002, la parte apelante presentó una moción incluyendo nuevas declaraciones para presentar las declaraciones juradas del señor Mark Halpern y la señora Marcelle Halpern. (Ap., págs. 28-33.) La declaración jurada del señor Mark Halpern expresa que éste no recibió ninguna notificación por correo en relación a la presentación de una demanda en su contra por la parte apelada. (Ap., pág. 30.) La declaración jurada de la

señora Marcelle Halpern expresa que tampoco recibió ninguna notificación por correo en relación a la presentación de la demanda en su contra por la parte apelada, que sólo había escuchado aproximadamente dos (2) años atrás de su representación legal en Puerto Rico que otro abogado estaba amenazando con demandarla y que tuvo conocimiento del presente pleito cuando su amigo el señor Ray McNamara, la llamó para informarle que se había celebrado una vista en un caso en su contra. (Ap., pág. 31.)

Luego que el tribunal de instancia le ordenara en varias ocasiones a la parte apelada que reaccionara a los argumentos de la parte apelante, ésta presentó moción en oposición a la reconsideración el 3 de mayo de 2003. (Ap., págs. 8-27.) Anejó a la moción una carta con fecha de 17 de octubre de 2000, alegadamente enviada por la parte apelada a la parte apelante notificándole de la demanda presentada, copia del envío de correo y el acuse de recibo de dicha carta firmado por "*J. Creason*" con fecha de 19 de octubre de 2000. (Ap., págs. 15-18.)

Así las cosas, el tribunal de instancia declaró no ha lugar la moción de reconsideración presentada por la parte apelante el 26 de marzo de 2003 y emitió sentencia el 31 de marzo de 2003. (Ap., págs. 1-7.) Declaró con lugar la demanda presentada por la parte apelada y ordenó a la parte apelante otorgar la correspondiente escritura de compraventa de la propiedad en controversia. (Ap., págs. 1-5.)

Inconforme con la determinación del tribunal de instancia, la parte apelante Mark Halpern, *et als.*, acude ante nos.

## II

Expuestos los hechos pertinentes a la controversia ante nuestra consideración, procedemos a exponer la norma jurídica aplicable.

## A

**La rebeldía**

Cuando una parte contra la cual se solicite una sentencia no presenta alegación o defensa, se le podrá anotar la rebeldía. El tribunal puede dictar sentencia en rebeldía cuando la parte con derecho a ello así lo solicite. Regla 45.2(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Continental Insurance Co. v. Isleta Marina, Inc.*, 106 D.P.R. 809, 816 (1978).

Al dictar sentencia en rebeldía, el tribunal considera admitidas las alegaciones de la reclamación y de celebrar una vista, se le notificará la fecha de la misma a la parte contra quien se anotó la rebeldía, si había comparecido al pleito previamente, para que pueda asistir y contrainterrogar a los testigos en su contra e impugnar las alegaciones y remedios reclamados. *Vélez v. Boy Scouts of America*, 145 D.P.R. 528, 532 (1998). (Casos citados.)

El propósito de la rebeldía no es ofrecerle la ventaja a la parte demandante de obtener una sentencia sin la celebración de una vista en sus méritos, sino que se trata de normas procesales que promueven la buena administración de los tribunales estimulando el buen diligenciamiento de los casos. **Por esta razón, nuestro más alto foro ha sido enfático al expresar reiteradamente que existe una política pública judicial de que los casos se vean en sus méritos.** *Ghigliotti Arzola v. Adm. de Servicios Agrícolas*, opinión de 30 de diciembre de 1999, **2000 J.T.S. 13**, pág. 504; *J.R.T. v. Missy Manufacturing Corp.*, 99 D.P.R. 805, 811 (1971).

La Regla 45.3, *supra*, faculta al tribunal a dejar sin efecto una sentencia en rebeldía y para ello, es necesario que exista justa causa y que las defensas presentadas sean meritorias. *Román Cruz v. Díaz Rifas*, 113 D.P.R. 500, 506-7 (1982). **Por razón a lo oneroso y drástico que resulta el remedio de una sentencia en rebeldía, nuestro más alto foro ha establecido que debe resolverse cualquier duda a favor de la parte que solicita que se deje sin efecto la rebeldía,** más aún, cuando la parte alega una buena defensa y la reapertura del pleito no ocasiona perjuicio alguno a las partes. En estos casos, constituye un abuso de discreción por parte del tribunal de instancia

denegar el relevo de la anotación de rebeldía y no permitir la reapertura del caso. *Banco Central Corp. v. Gelabert Alvarez,* 131 D.P.R. 1005, 1006-1007 (1992); *Neptune Packing Corp. v. Wackenhut Corp.,* 120 D.P.R. 278, 293-294 (1988).

## B
## La discreción judicial

En nuestra jurisdicción es clara la doctrina referente a que discreción significa el poder de los tribunales en decidir de una forma u otra escogiendo entre uno o varios cursos de acción, pero sin hacer abstracción del derecho. *Pueblo v. Ortega Santiago,* 125 D.P.R. 203, 211 (1990).

Bajo dicho principio, el Tribunal Supremo ha expresado que:

*"[d]iscreción es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Su ejercicio está inexorable e indefectiblemente atado al concepto de la razonabilidad."*

*Ramírez Ferrer v. Pol. de Puerto Rico,* opinión de 26 de diciembre de 2002, **2003 J.T.S. 3**, pág. 376. (Casos citados.)

## III
## Aplicación de la norma jurídica

Expuesta la norma jurídica, procedemos a aplicarla a los hechos ante nuestra consideración.

Luego del tribunal de instancia anotarle la rebeldía a la parte apelante y antes de que se dictara sentencia, ésta compareció mediante moción solicitando detener los procedimientos y que se levantara la rebeldía. En dicha moción, la parte apelante aclaró que presentaría posteriormente un memorando de derecho fundamentando sus alegaciones, pues presentaba la moción con urgencia para notificarle al tribunal de instancia sobre las circunstancias antes de que emitiera la sentencia en rebeldía. Además, la parte apelante solicitó una prórroga para presentar dicho escrito suplementario, la cual nunca fue atendida y resuelta por el tribunal de instancia.

No obstante lo anterior, el tribunal de instancia denegó la solicitud de la parte apelante sin darle oportunidad a que ésta presentara los fundamentos y alegaciones por no haber comparecido al pleito oportunamente, aun cuando para esa fecha dicho foro no había emitido y notificado la sentencia dictada en rebeldía.

La parte apelante presentó entonces una moción de reconsideración sobre la denegatoria del relevo de anotación de rebeldía, debidamente fundamentada bajo juramento, en la cual expresó tener defensas válidas que alegar, entre ellas: 1) que no tuvo conocimiento de la demanda en su contra hasta después de celebrada la vista, pues no recibió correspondencia alguna con copia de la demanda, el emplazamiento, notificación de la anotación de rebeldía y del señalamiento de la vista en rebeldía; 2) que la propiedad le pertenece privativamente a la señora Marcelle Halpern; 3) que la compraventa sólo puede llevarse a cabo sobre las dos (2) estructuras; y 4) que el precio es mucho mayor de $185,000.00 dólares. Valga señalar que ninguno de los recibos presentados por la parte apelada en sus mociones como prueba de haber notificada por correo a la parte apelante, contiene la firma de los esposos Mark y Marcelle Harlpern, sino que uno está firmado por *"Peter West"* y el otro por *"J. Creason"*. (Ap., págs. 17 y 95.)

Estas alegaciones presentadas por la parte apelante, sin pasar juicio sobre las mismas, deben ser dilucidadas en los méritos frente a las alegaciones de la parte apelada, más aún, ante una controversia que envuelve la adjudicación de credibilidad, pues la parte apelada alega que la parte apelante verbalmente se comprometió a venderle una propiedad localizada en el Municipio de Vieques por la cantidad de $185.000.00 dólares. **El**

permitir la validez de la sentencia dictada en rebeldía, bajo tales circunstancias, le impediría a la parte apelante el tener su día en corte y de presentar sus defensas, como parte de las garantías del debido proceso de ley. Ello procede con más razón, cuando dicha parte apelante según las circunstancias particulares del caso, ha sido diligente y no ha demostrado ser contumaz o temeraria y alega inclusive que antes de presentarse la demanda, se habían realizado conversaciones a través de sus abogados sobre dicha controversia.

Resolvemos que la reapertura del caso no le ocasiona perjuicio alguno a la parte apelada, como ésta alega, pues precisamente lo que se va a dilucidar en los méritos es el interés propietario sobre el inmueble bajo el alegado contrato y siempre las partes tienen a su disposición los remedios provisionales que establecen las Reglas de Procedimiento Civil, para ejecutar la sentencia que se dicte. Por lo tanto, alegar por la parte apelada que no ha podido disfrutar de la propiedad según lo pactado, es precisamente una de las controversias que está por dilucidarse en el caso y, por ende, el posible aumento de los cargos de financiamiento para la compra del inmueble, si así se dicta sentencia, no es razón en derecho para que no se vea en los méritos la demanda. Estas alegaciones no son suficientes para privarle a la parte apelante que se vea en los méritos la demanda en su contra, en lugar de dictarse sentencia en rebeldía, pues ésta se expone a que se le prive de un derecho propietario, cuando tiene defensas meritorias a ser dilucidadas en su fondo.

Concluimos que el tribunal de instancia abusó de discreción y actuó contrario a derecho al no levantar la rebeldía anotada a la parte apelante Mark Halpern, *et als.* y en consecuencia, al emitir sentencia declarando con lugar la demanda presentada por la parte apelada Ernesto Díaz Ruiz, *et als.* Por lo cual, se revoca la sentencia dictada en rebeldía, se ordena el relevo de la anotación de rebeldía a los fines de que se proceda a contestar la demanda y se continúe el proceso conforme a derecho.

## IV

Se revoca la sentencia apelada dictada, se releva la anotación de rebeldía y se devuelve el caso al Tribunal de Primera Instancia, para que continúe con los procedimientos de acuerdo a lo aquí resuelto.

Notifíquese inmediatamente por la vía ordinaria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General