EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Enrique J. León Malavé | 2008 TSPR 27 <br><br> 173 DPR _____ |

Número del Caso: CP-2006-18

Fecha: 17 de enero de 2008

Abogado de la Parte Querellada:

      Por Derecho Propio

Oficina del Procurador General:

      Lcda. Celia M. Molano Flores
      Procuradora General Auxiliar

Materia: Conducta Profesional
      (La suspensión del abogado advino final y firme el día
      13 de febrero de 2008).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Enrique J. León Malavé          CP-2006-18


PER CURIAM

San Juan, Puerto Rico, a 17 de enero de 2008.

El Sr. Eric Romero de León se quejó ante nos por la alegada conducta desacertada del Lcdo. Enrique J. León Malavé, quien lo representaba en un proceso de revisión de pensión alimenticia para sus dos hijos. Vista la referida queja, le ordenamos al Procurador General iniciar la investigación de rigor y, posteriormente, la presentación de la querella de marras. Designamos oportunamente a la Lcda. Eliadis Orsini Zayas como Comisionada Especial para que recibiera la prueba y nos rindiera un informe con sus recomendaciones. Examinado ese Informe y la réplica del licenciado León Malavé, suspendemos inmediatamente al abogado querellado por el término

de un año, pues su indiferencia es prueba contundente de una práctica jurídica deficiente.

## I.

Los hechos narrados a continuación surgen del Informe de la Comisionada Especial, Lcda. Eliadis Orsini Zayas.

El señor Romero de León contrató al licenciado León Malavé para que le representara en un proceso de revisión de pensión alimenticia. El mismo día en que fue contratado, el licenciado León Malavé contestó la solicitud de aumento de pensión instada por la ex esposa de su cliente. Posteriormente, las partes cumplimentaron sus respectivas planillas de información personal y económica. Además, asistido del licenciado León Malavé, el señor Romero de León contestó un interrogatorio sometido por su ex esposa; sin embargo, a ésta no se le requirió descubrimiento de prueba.

Luego de estos trámites iniciales, el Tribunal de Primera Instancia citó a las partes. Según el expediente de los procedimientos en ese foro, **la fecha de la audiencia fue notificada a todas las partes y a sus representantes según las direcciones registradas en autos. No obstante, ni el señor Romero de León ni el licenciado León Malavé comparecieron a la audiencia señalada, aunque sí estuvieron presentes la ex esposa del primero y su abogada.** Celebrada la vista sin la presencia del padre alimentante o de su representante, el tribunal dictó resolución con la que aumentó la pensión a una suma que resultó ser más del doble

del importe fijado originalmente. Dicha resolución fue notificada a todas las partes: el licenciado León Malavé y el señor Romero de León aceptan haberla recibido.

Inconforme, el señor Romero de León le pidió a su abogado que recurriera de esa determinación por entender que se le violó su derecho a ser escuchado. En vista de ello, el licenciado León Malavé presentó **una moción de reconsideración treinta y un días después de notificada la resolución que aumentó la pensión**. En dicha moción no se expuso excusa, razón o argumento alguno dirigido a justificar la incomparecencia del querellado o del señor Romero de León a la audiencia señalada. Sólo se limitó a pedir que se considerara evidencia "importante" que no se tomó en cuenta al decretar el aumento reseñado. **No se imputó ningún error respecto de la actuación de la juez al celebrar la vista sin el padre alimentante**. Copia de esa moción fue enviada por el licenciado León Malavé a su cliente.

Sometida la reconsideración, el señor Romero de León presentó una "Moción Informativa y Solicitud" ante el tribunal en la que, por derecho propio, argumentó desconocer por qué su representante nunca le notificó sobre la vista de aumento de pensión. Negó, a su vez, haber tenido conocimiento de ésta. Solicitó, por ende, que se le permitiera expresarse y presentar prueba para poder estar en mejor posición de aceptar un aumento de pensión. En ese escrito, anunció también que deseaba la renuncia del

licenciado León Malavé y que contrataría nueva representación legal. El mismo día que presentó la referida moción, Romero de León visitó las oficinas de su abogado y le pidió por escrito la renuncia. El abogado accedió y presentó ante el tribunal una moción con ese fin, la cual fue acogida dos semanas después.

Luego de considerar el asunto, el tribunal rechazó de plano la moción presentada por el licenciado León Malavé. Sin embargo, ante la moción presentada por el padre alimentante, decidió celebrar una vista a la cual también citó al licenciado León Malavé. La orden adelantó, además, que el tribunal no le violó a Romero de León su derecho al debido proceso de ley, pues fue citado por conducto de su abogado y ambos optaron por no comparecer. En esa vista, el licenciado León Malavé informó **por primera vez** que nunca recibió la notificación en controversia. En iguales términos se expresó el señor Romero de León. La juez acotó que la notificación de la vista fue enviada tanto a las partes como a sus abogados. Destacó, además, el hecho de que la ex esposa del señor Romero de León y su abogada comparecieron, mas el alimentante y su abogado no. Finalmente, declaró no ha lugar la "pretensión" de que el tribunal celebrase una nueva vista.

A raíz de estos incidentes, y luego de los trámites de rigor, el Procurador General presentó una querella imputándole al licenciado León Malavé violaciones de los Cánones 12, 18 y 26 del Código de Ética Profesional por:

(1) faltar a una vista debidamente notificada; (2) presentar una moción de reconsideración fuera del término para ello; y (3) no atender el caso de su cliente adecuadamente y con la diligencia esperada de todo profesional competente.

Examinamos dichas imputaciones conforme con las determinaciones de hecho de la Comisionada Especial, en ejercicio de nuestra inherente facultad disciplinaria.

## II.

La profesión y práctica de la abogacía no exige de quien la desempeña sólo una competencia mínima: aquel esfuerzo suficiente para sobrellevar cada día. Requiere algo más. En las manos de los abogados y abogadas de Puerto Rico descansan las vidas, bienes y esperanzas de personas que procuran el auxilio de nuestro sistema de justicia con sumo fervor. Así, pues, el abogado es el intermediario en quien nuestra sociedad confía la tarea de guiar las causas de sus clientes con sensibilidad, eficiencia y la mayor pericia. Tomada razón de que se le concede al abogado tan singular ministerio, con el Código de Ética Profesional hemos establecido unas normas precisas, de cumplimiento necesario e inexcusable, que esbozan el comportamiento idóneo esperado de todo miembro de la profesión legal.

Como es sabido, el Código de Ética Profesional y los Cánones contenidos en éste no representan una guía taxativa de las obligaciones que todo abogado tiene para con sus clientes, los tribunales, la profesión y la sociedad

puertorriqueña. Más bien establecen unas pautas mínimas que deben guiar a los abogados en el desempeño de su profesión. In re Samuel Pagán Pagán, 2007 T.S.P.R. 151, res. el 8 de agosto de 2007. En ese sentido, hemos expresado consistentemente que puede haber situaciones que escapen el alcance aparente de los Cánones y aun así, en función del buen juicio y la prudencia requeridos de todo letrado, se imponga la abstención. In re Carreras Rovira y Suárez Zayas, 115 D.P.R. 778, 785 (1984); B. & L., Inc. v. P.R. Cast Steel Corp., 114 D.P.R. 808, 813 (1983). No extraña, pues, que la responsabilidad de un abogado con respecto de las normas éticas que rigen la profesión es personal e indelegable. In re Moreno Cortés, 159 D.P.R. 542, 549 (2003). En esta ocasión, se le imputa al querellado la infracción de tres de esas normas. Veamos.

A.

El Canon 12 le impone a todo abogado el deber de ser puntual en su asistencia y en el trámite de las causas que sus clientes traen a su atención. 4 L.P.R.A. Ap. IX, C. 12. Además, éstos deben exhibir todas las diligencias necesarias para asegurarse de no causar dilaciones injustificadas en la tramitación y solución de los casos en que intervengan. Véanse In re Fernández Díaz, 2007 T.S.P.R. 162, res. el 21 de agosto de 2007; In re Grau Díaz, 154 D.P.R. 70, 75-76 (2001); In re Pagán Hernández, 141 D.P.R. 113, 118 (1996); Heftler Const. Co. v. Tribunal Superior,

103 D.P.R. 844, 846-47 (1975); Acevedo v. Compañía Telefónica P.R., 102 D.P.R. 787, 791 (1974).

Por ejemplo, un abogado no puede decidir a su arbitrio a qué vistas comparece o no. La facultad de suspender una vista o un juicio no puede descansar en la discreción de un abogado postulante; ésta corresponde, sin duda alguna, al funcionario judicial o administrativo que la preside. In re Arroyo Villamil, 113 D.P.R. 568, 573 (1982). La incomparecencia de un abogado a una vista debidamente citada y notificada, denota su falta de respeto y su irresponsabilidad para con sus clientes y el foro. Véase In re Roldós Matos, 2004 T.S.P.R. 40, res. el 17 de marzo de 2004. Ahora bien, no puede penalizarse a un abogado por no comparecer a una vista de la que nunca se le notificó o de la que tampoco se enteró por otro medio. In re Rosado Nieves, 159 D.P.R. 746, 762 (2003).

B.

El Canon 18, por su parte, requiere que los abogados no asuman la representación legal de un cliente cuando sean conscientes de no poder realizar una labor idónea y competente, o de no poder prepararse adecuadamente para defender las causas de éste sin aumentar irrazonablemente sus gastos o los del sistema de justicia. 4 L.P.R.A. Ap. IX, C. 18. Además, todo abogado debe defender los intereses de sus clientes con la mayor diligencia, demostrando en cada una de sus intervenciones su más profundo saber y habilidad. Así, debe satisfacer —y esmerarse por exceder—

aquella medida que la profesión jurídica estima como la más adecuada y responsable. La indiferencia, desidia, despreocupación, inacción y displicencia no son las cualidades que deben encarnar a un abogado admitido por esta Curia a la práctica del Derecho. In re Arana Arana, 112 D.P.R. 838, 843 (1982).

También hemos resuelto en numerosas ocasiones que todo miembro de la profesión legal tiene que defender con diligencia los intereses de sus clientes, desplegando una conducta capaz, leal, responsable, efectiva y completamente honrada. In re Martínez Miranda, 160 D.P.R. 263, 266 (2003); véase además In re Acosta Grubb, 119 D.P.R. 595, 602 (1987). Un abogado que decide representar a un cliente y luego incumple con su obligación de conducirse competente y diligentemente, mientras tampoco mantiene informado a su cliente, incurre en una violación seria del Código de Ética Profesional. In re Arroyo Rivera, 148 D.P.R. 354, 360 (1999); In re Ortiz Velázquez, 145 D.P.R. 305, 313-14 (1998). Así, hemos disciplinado a abogados que tras haber sido citados a comparecer ante un tribunal de justicia, se ausentan de la audiencia sin causa o motivo justificado alguno. In re Marrero Luna, 2006 T.S.P.R. 9, res. el 20 de diciembre de 2005; In re Marrero Figarella, 146 D.P.R. 541 (1998); In re Coll, 101 D.P.R. 799 (1973).

C.

Por último, el Canon 26 establece que, de ordinario, ningún abogado tiene la obligación de representar a

determinado cliente. Por tanto, es derecho del abogado aceptar o rechazar una representación profesional, por lo que en su gestión debe obedecer siempre los designios de su propia conciencia y no los de su representado. Por ejercer una profesión que exige la mayor responsabilidad, un abogado no puede relevarse de ésta si incurre en actos u omisiones negligentes en el ejercicio de su labor. 4 L.P.R.A. Ap. IX, C. 26; véase además Acosta Grubb, *supra*; cf. Quiñones v. Jiménez Conde, 117 D.P.R. 1 (1986).

Cuando un abogado asume una representación legal, debe realizar toda gestión a su alcance, dentro del marco de la ley y la ética, para adelantar los intereses de su representado. Sin embargo, un cliente que presenta una querella por el mero hecho de no obtener el resultado esperado en un pleito, sin más, no aduce hecho alguno que requiera de nuestra intervención. Por ende, no incurre en violación ética alguna un abogado que le brinda a su cliente una opinión -con sosiego y prudencia— sobre los méritos de su reclamación y las oportunidades de prevalecer. Véase, e.g., In re García Marrero, 120 D.P.R. 278 (1988).

### III.

Es norma reiterada de este Tribunal que no alteraremos las determinaciones de hecho de una Comisionada Especial, salvo en caso de demostrarse su parcialidad, prejuicio o error manifiesto. In re Fernández de Ruiz, 2006 T.S.P.R. 76, res. el 21 de abril de 2006; In re Morales Soto, 134

CP-2006-18                                                    11

D.P.R. 1012, 1015-16 (1994). Luego de analizar cuidadosamente el informe que la Comisionada Especial nos ha rendido, no hallamos ninguna razón para intervenir con su evaluación de la prueba. Consideradas sus determinaciones de hecho, estimamos que existe prueba clara, robusta y convincente que nos requiere disciplinar al querellado. Veamos por qué.

A.

Del Informe de la Comisionada Especial y sus anejos surge, sin lugar a dudas, que la vista sobre aumento de pensión celebrada el 29 de octubre de 2003 fue notificada debidamente el 7 de octubre de 2003. De la faz de la notificación emitida por el Tribunal de Primera Instancia, notamos que copia de ésta fue remitida a los abogados y a las partes. Según nos expresa la Comisionada Especial, no existe controversia sobre la corrección de las direcciones utilizadas para cursar la notificación; tampoco sobre el hecho de que todas las notificaciones anteriores y posteriores a la de referencia fueron enviadas a las mismas direcciones y que, en efecto, fueron recibidas. La Comisionada concluye, entonces, que la notificación a la vista se recibió, mas el querellado y Romero de León optaron por no comparecer. Estamos de acuerdo.

En primer término, nos resulta increíble que el licenciado León Malavé justifique su incomparecencia a la vista reseñada con el argumento de que su cliente recibió

la notificación, pero tampoco fue. Aparte de reiterar ante la Comisionada Especial que él nunca recibió la notificación, también expresa con cierta vehemencia que el Tribunal de Primera Instancia optó por celebrar la vista sin la presencia de su cliente.[1] Sin embargo, resalta del Informe que el propio licenciado León Malavé, en su comparecencia ante esta Curia, expresa que él revisó personalmente el expediente en el Tribunal de Primera Instancia, luego de recibir la resolución con el decreto sobre aumento de pensión. Alega que fue tras esa revisión que conoció del envío de la notificación. Es decir, confirmó que la notificación fue cursada.

Aunque, de por sí, el hecho reseñado no nos lleva a concluir que la citación fue recibida, el esquema de Derecho probatorio puertorriqueño nos convence de que, en realidad, la notificación sí se recibió. La Comisionada Especial concluyó que según la Regla 16(24) de Evidencia, 32 L.P.R.A. Ap. IV, R. 16(24), debe presumirse que una carta debidamente cursada fue recibida oportunamente y que, en consecuencia, la notificación de la vista llegó a manos del querellado. La copia de la notificación certificada por el tribunal sentenciador para fines del procedimiento

---

[1] Este argumento parece basarse en el entendido de que si un abogado o su cliente faltan a una vista, el tribunal tiene que suspenderla. Claramente, tal pretensión no encuentra apoyo en las normas reglamentarias del Poder Judicial. Dicha conducta constituiría una falta de respeto a los jueces y juezas del país. Un abogado que en el futuro funde su incomparecencia en dicha "esperanza", podría enfrentar serias consecuencias disciplinarias.

disciplinario ante nos, estableció el hecho básico de la presunción: que la carta fue enviada. Así, pues, al licenciado León Malavé le correspondía rebatir tal presunción con prueba tendente a demostrar que el hecho presumido nunca ocurrió: es decir, que la notificación jamás se recibió.

El querellado no refutó esta presunción con prueba alguna. Adujo que pudo haber un error clerical en el ensobrado de la notificación o que el personal de la Secretaría del Tribunal de Primera Instancia la envío equivocadamente a otra dirección. Argumentó que en otras ocasiones había sucedido esto, pero no produjo evidencia documental o testifical que permitiera dar credibilidad a su contención. Consideramos, por tanto, que la conclusión de la Comisionada Especial es correcta: la notificación, en efecto, se recibió. No es la primera vez que aplicamos esta presunción específica de las Reglas de Evidencia a un procedimiento disciplinario. Por ejemplo, en In re Colón Muñoz, 131 D.P.R. 121, 151 (1992), resolvimos que una carta enviada por un Inspector de Protocolos de la Oficina de Inspección de Notarías fue recibida, invocando así la Regla 16(24) de Evidencia. Véanse además Hawayek v. A.F.F., 526, 531 (1989); E. L. Chiesa Aponte, Tratado de Derecho Probatorio, Pub. J.T.S., 1998, vol. 2, sec. 12.5, pág. 1111.

Abona a esta conclusión el hecho de que el propio licenciado León Malavé expresó que **"las partes fueron**

**debidamente citadas según consta en el expediente del tribunal**, razón por la cual entendíamos que [aun] cuando **no llegó tal citación a nuestras manos**, no se había violado el debido proceso de ley" (énfasis suplido). El querellado tenía que demostrarnos que no recibió la notificación mediante alguna evidencia suficiente para derrotar la presunción de la Regla 16(24) de Evidencia, mas no lo hizo. Por consiguiente, concluimos que el querellado violó el Canon 12 del Código de Ética Profesional, *supra*.

B.

Por otra parte, la Comisionada Especial encontró probado el cargo relacionado con la impericia del licenciado León Malavé en torno a la moción de reconsideración que presentó ante el tribunal de instancia. En su Informe, la Comisionada expresa que si la notificación verdaderamente no llegó, era esencial exponerle tal situación al Tribunal de Primera Instancia en cualquier solicitud de reconsideración, pues la notificación a una vista es parte indispensable del debido proceso de ley. No obstante, determinó que el licenciado León Malavé no expuso ningún argumento o información que colocara al tribunal de instancia en posición de reevaluar su dictamen. En vez de plantear alguna violación en ese sentido, lo descartó de plano y se limitó a reiterar argumentos sobre nueva prueba de importancia para el caso: **prueba que no pudo presentar por haberse ausentado de la vista debidamente citada y notificada.**

La Comisionada determinó, además, que no tan sólo el licenciado León Malavé erró al no expresarse sobre la falta de notificación, sino que presentó la moción de reconsideración unos treinta y un días después de notificada la resolución. Actuó así, a pesar de ser de conocimiento general en la práctica legal puertorriqueña, que solamente se cuenta con quince días a partir de la notificación de la sentencia para presentar una moción de reconsideración ante un tribunal de instancia. Regla 47 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47. Estamos convencidos de que el proceder del querellado no sólo refleja su indiferencia hacia la causa de su cliente, sino que demuestra un claro desconocimiento de las normas procesales imperantes en nuestra jurisdicción.

Ante su omisión, el licenciado León Malavé argumenta que presentar una moción de reconsideración tan tardíamente fue sólo una inadvertencia, pues se le "olvidó". Adujo que el tribunal de instancia bien pudo haber acogido la moción de reconsideración como una de relevo de sentencia, y que el tribunal no denegó la reconsideración por haberse presentado tarde, sino "por lo expuesto en dicho escrito". No cabe duda que el querellado mantiene la actitud de justificar sus acciones y omisiones, mas sus razones nos resultan claramente insuficientes.

Más bien, somos del criterio que las acciones y omisiones incurridas por el licenciado León Malavé revelan su irresponsabilidad y contumacia. De hecho, ante este

Tribunal, mediante su representante legal, continuó negando cualquier responsabilidad e intentó justificar su impericia con alegadas faltas de su cliente. Esta actitud, sin duda, es contraria al Canon 26 del Código de Ética Profesional, *supra*, que tacha como impropio que un abogado intente relevarse de responsabilidad por su incompetencia profesional. Que su cliente tuviese que presentar por derecho propio una moción ante el tribunal de instancia, aun cuando tenía representación legal, nos demuestra que su comunicación con el señor Romero de León llegó a ser inexistente, o cuando menos, insuficiente. Igual falta de interés hemos notado en sus comparecencias durante el procedimiento de marras.

IV.

Por las razones antes expresadas, concluimos que el Lcdo. Enrique J. León Malavé infringió los Cánones 12, 18 y 26 del Código de Ética Profesional. Su conducta constituyó una grave afrenta a las normas éticas que rigen la profesión jurídica en Puerto Rico y causó un gran perjuicio a su cliente. En consecuencia, lo suspendemos inmediatamente del ejercicio de la abogacía por el término de un año.

El querellado notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a

cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta días, que cumplió con lo antes señalado. El cumplimiento con estos deberes será notificado también al Procurador General. El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial del abogado de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Enrique J. León Malavé       CP-2006-18

SENTENCIA

San Juan, Puerto Rico, a 17 de enero de 2008.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, concluimos que el Lcdo. Enrique J. León Malavé infringió los Cánones 12, 18 y 26 del Código de Ética Profesional. Su conducta constituyó una grave afrenta a las normas éticas que rigen la profesión jurídica en Puerto Rico y causó un gran perjuicio a su cliente. En consecuencia, lo suspendemos inmediatamente del ejercicio de la abogacía por el término de un año.

El querellado notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta días, que cumplió con lo antes señalado. El

cumplimiento con estos deberes será notificado también al Procurador General. El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial del abogado de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo